# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# SHELBY DIVISION

## CRIMINAL CASE NO. 4:96cr53-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **OWEN ODMAN, a/k/a Star.** ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Hold Defendant's *Pro Se* 18 U.S.C. §3582(c)(2) Motion Abeyance [Doc. 651].

On September 2, 2009, the Defendant filed a *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2). [Doc. 648]. The motion, which remains pending, is based on the Crack Cocaine Guideline Amendment, Amendment 706.[1] On October 8, 2009, the

---

[1] In the motion, the Defendant also refers to several other amendments to the United States Sentencing Guidelines. He claims that Amendment 711 applies, but that amendment merely contained technical and conforming amendments to Amendment 706. U.S.S.G. §1B1.10(c); United States v. Dunphy, 551 F.3d 247, 249 n.1 (4th Cir. 2009), *certiorari denied* 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009). He also refers to Amendment 630, a 2001 amendment to U.S.S.G. §2K2.1 related to the base offense level for certain firearms offenses which appears to be unrelated to the Defendant's case. However, even if Amendment 630 applied factually to the Defendant's case, it was not made retroactive. U.S.S.G. §1B1.10(c); Cofske v. United States, 290 F.3d 437, 442 (1st Cir. 2002). Finally, he refers to Amendment 535 which became effective in 1995 and thus was in effect at the time of his sentencing. U.S.S.G. §5G1.3.

Probation Office filed a supplemental presence report in which it was noted that after application of Amendment 706 to the Defendant's offense level, his guideline range of imprisonment remained unchanged. [Doc. 650]. Defendant was, therefore, ineligible for any relief under Amendment 706. [Id.].

On January 25, 2010, the Defendant filed this motion to hold in abeyance any ruling on his *pro se* motion until the United States Supreme Court has issued its decision in Dillon v. United States, 572 F.3d 146 (3rd Cir. 2009), *certiorari granted* __ S.Ct. __, 2009 WL 2899562, 78 USLW 3334 (2009). In that case, the Supreme Court has granted *certiorari* to consider whether United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), will allow a court at a re-sentencing hearing pursuant 18 U.S.C. §3582(c)(2) to impose a sentence below the minimum guideline range.

In Dunphy, 551 F.3d 247, 249 n.1 (4th Cir. 2009), *certiorari denied* 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009), the United States Fourth Circuit Court of Appeals held that, on re-sentencing pursuant to §3582(c)(2), the court may not reduce a defendant's sentence to a term that is less than the minimum of the amended guideline range. This applies directly to the Defendant's case because the application of Amendment 706 pursuant to

§3582(c)(2) did not change the Defendant's guideline range of imprisonment. Therefore, the Court may not reduce his sentence to one which is less that the minimum of the amended guideline range; *i.e.*, 360 months. The Fourth Circuit in Dunphy also held that although Booker made the guidelines advisory, it had no direct effect on re-sentencings pursuant to §3582(c)(2). The United States Supreme Court denied *certiorari* in Dunphy.

Because the Dillon case involves the same issue, the Court finds that the Defendant's request to defer ruling has merit. The Court will stay the motion pursuant to §3582(c)(2) until such time as the Supreme Court issues its decision in the Dillon case.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) [Doc. 648] is hereby **STAYED** and his Motion to Hold Defendant's *Pro Se* 18 U.S.C. §3582(c)(2) Motion Abeyance [Doc. 651] is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that at such time as the Supreme Court rules on the case of Dillon v. United States the Defendant shall move to lift the stay.

Signed: February 12, 2010

Martin Reidinger
United States District Judge