# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## SHELBY DIVISION

### CRIMINAL CASE NO. 4:96cr53-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| OWEN ODMAN, a/k/a Star. | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2) [Doc. 648] and Motion to Lift Stay [Doc. 657].

The Defendant's first motion is based on the Crack Cocaine Guideline Amendment, Amendment 706.[1] On January 25, 2010, the Defendant moved to hold in abeyance any ruling on his *pro se* motion until the United States Supreme Court issued its decision in Dillon v. United

---

[1] In the motion, the Defendant also refers to several other amendments to the United States Sentencing Guidelines. He claims that Amendment 711 applies, but the amendment merely contained technical and conforming amendments to Amendment 706. U.S.S.G. §1B1.10(c); United States v. Dunphy, 551 F.3d 247, 249 n.1 (4th Cir. 2009), *certiorari denied* 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009). He also refers to Amendment 630, a 2001 amendment to U.S.S.G. §2K2.1 related to the base offense level for certain firearms offenses which appears to be unrelated to the Defendant's case. However, even if Amendment 630 applied factually to the Defendant's case, it was not made retroactive. U.S.S.G. §1B1.10(c); Cofske v. United States, 290 F.3d 437, 442 (1st Cir. 2002). Finally, he refers to Amendment 535 which became effective in 1995 and thus was in effect at the time of his sentencing. U.S.S.G. §5G1.3.

States, 572 F.3d 146 (3rd Cir. 2009), *certiorari granted* \_\_ S.Ct. \_\_, 2009 WL 2899562, 78 USLW 3334 (2009). The Court granted that motion. [Doc. 653].

On June 17, 2010, the Supreme Court held that the remedial aspect of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), does not apply when a court imposes a new sentence pursuant 18 U.S.C. §3582(c)(2) based on a retroactive amended guideline so as to allow the court at re-sentencing to impose a sentence below the guideline range. Dillon v. United States, 130 S.Ct. 2683, 78 USLW 4615 (2010). As a result, the Defendant has asked that the stay of the ruling on his motion be lifted.

In United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009), *certiorari denied* 129 S.Ct. 2401, 173 L.Ed.2d 1296 (2009), the Court of Appeals held that, on re-sentencing pursuant to §3582(c)(2), the court may not reduce a defendant's sentence to a term that is less than the minimum of the amended guideline range. Such is the Defendant's case: application of the amendment did not change the Defendant's guideline range of imprisonment and the minimum of that amended range remains the same. United States v. Fennell, 592 F.3d 506, 509 (4th Cir. 2010) ("Where a defendant's sentence was within the guideline range applicable at the time

of the original sentencing, 18 U.S.C. §3582(c)(2) precludes a downward departure below the amended guideline range."). Therefore, the Court may not reduce his sentence to one which is less that the low end of the amended guideline range; *i.e.*, 360 months to life. Id.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Lift Stay [Doc. 657] is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) [Doc. 648] is hereby **DENIED**.

Signed: September 3, 2010

Martin Reidinger
United States District Judge