IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:04cv44
[Criminal Case No. 4:96cr53]

| | | |
|---|---|---|
| OWEN ODMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on Petitioner's Application for a Certificate of Appealability, filed December 17, 2010. [Doc. 31].

On January 23, 2001, Petitioner was convicted of conspiring to manufacture, distribute and possess with intent to distribute powder at least 5 kilograms of cocaine and at least 1.5 kilograms of cocaine base in violation 21 U.S.C. §§ 841(a)(1) and 846. [Criminal Case No. 4:96cr53, Doc. 429]. On July 26, 2001, the Court sentenced Petitioner to 360 months' imprisonment. [Id., Doc. 469]. Thereafter, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction. United States v. Odman, 47 F. App'x 221 (4th Cir. 2002), cert. denied, 537 U.S. 1211, 123 S.Ct. 1305, 154 L.Ed.2d 1060 (2003).

On March 11, 2004, Petitioner filed a Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Judgment. [Doc. 1]. On December 12, 2005, the Court denied that Motion. [Doc. 10]. Also, as a result of his "past abusive filings," the Court's Order imposed a type of pre-filing injunction upon Petitioner. [Id. at 36]. In particular, the Court stated:

> [N]o post-judgment filings may be made by the Petitioner absent permission from this Court. Any such request must be limited to 5 double-spaced pages in length. Failure to abide by this directive will result in summary dismissal.

[Id. at 37]. Petitioner appealed the denial of his Motion to Vacate, but the Court of Appeals declined to issue a certificate of appealability for the appeal. United States v. Odman, 191 F. App'x 247 (4th Cir. 2006), cert. denied, 549 U.S. 1258, 127 S.Ct. 1385, 167 L.Ed.2d 169 (2007).

On July 26, 2010, Petitioner returned to this Court and filed a Motion For Leave of Court to File Motion Pursuant to Rule 60(b) *et seq.* to Reopen Petitioner's Section 2255. [Doc. 29]. Petitioner's Motion claimed that the Court's 2005 Order of dismissal was void because the Court failed to hold an evidentiary hearing on the issue of juror bias, thereby depriving him of due process. [Id. at 3-5]. Petitioner further asserted that because he was unable to exercise his peremptory challenges properly, three jurors on his panel previously had heard another case during the same term of court

and, therefore, were biased against him. [Id.]. Petitioner also renewed the challenge to his verdict which he unsuccessfully raised in his Motion to Vacate, and he claimed an entitlement to relief "for any other reason that justifies relief" under Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Id. at 5-7]. After a careful review of those arguments along with the underlying record, on November 12, 2010, the Court entered an Order denying Petitioner's Motion for Leave on the ground that his proposed motion for reconsideration actually was an unauthorized second or successive § 2255 motion which was prohibited under United States v. Winestock, 340 F.3d 200, 204-05 (4th Cir. 2003) and its progeny. [Doc. 30 at 9-10].

Petitioner now seeks an Application for a Certificate of Appealability for his appeal of the undersigned's denial of his Motion for Leave. Notably, however, Petitioner is not seeking to appeal a final Order denying a motion to vacate, nor is he seeking to appeal a motion for reconsideration of a final order for a motion to vacate. Rather, Petitioner is seeking to appeal an Order which resolved his motion for leave to file a motion for reconsideration. Thus, it is unlikely that a certificate of appealability even is required for his appeal. See 28 U.S.C. § 2253(c)(1)(B) (noting the requirement for a certificate of appealability when a party is appealing "the

3

<u>final order</u> in a proceeding under section 2255") (emphasis added).

In the event that such a certificate is required, the Court has carefully reviewed this matter in accordance with Rule 11(a) of the Rules Governing Section 2255 Proceedings and declines to issue a certificate of appealability because Petitioner has failed to show, at a minimum, that the instant procedural ruling is debatable. See 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (in order to satisfy § 2253(c) when a court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right); <u>Miller-El v Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

**IT IS, THEREFORE, ORDERED** that Petitioner's Application for a Certificate of Appealability [Doc. 31] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 17, 2011

Martin Reidinger
United States District Judge