# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 4:96cr53

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| OWEN ODMAN. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Correction of Illegal Sentence and Appointment of Counsel [Doc. 691].

On August 13, 2012, the Defendant's motions to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) were granted and his sentence was reduced from 360 months to 292 months imprisonment. [Doc. 686]. The reduction was granted because his sentence had been imposed based on a guideline sentencing range that had been subsequently lowered and made retroactive by the United States Sentencing Commission, the Crack Cocaine Guideline Amendment 750. [Id.]. The Defendant did not file a Notice of Appeal from the Order reducing his sentence. Instead, on August 28, 2012, the Defendant filed the pending motion in which he claims that this Court should correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). [Doc. 691 at 5]. In an apparent effort to bootstrap an appeal from the

Order granting the sentence reduction (Doc. 686), the Defendant, prior to any ruling on the pending motion, filed a Notice of Appeal on August 31, 2012 from the "implicit denial" of his motion to correct his sentence pursuant to Rule 35(a). [Doc. 694].

Federal Rule of Criminal Procedure 35(a) provides that a court may correct a sentence "that resulted from arithmetical, technical or other clear error." Fed.R.Crim.P. 35(a). Seizing on the last phrase, the Defendant claims that his original conviction and sentence resulted from "clear error" and thus may now be corrected in the context of the truncated sentencing prescribed by 18 U.S.C. §3582. Those errors, he claims, are that (1) he was convicted of a violation of 21 U.S.C. §841(b) with which he was never charged and (2) the sentencing court misapplied "the then mandatory Guidelines" in imposing his original sentence to run consecutive to his federal sentence in the Southern District of Florida.

> [Odman] contends that the District Court erred in failing to correct two mistakes in his original sentence. Under his view of §3582(c)(2), a district court is required to recalculate a defendant's sentence. Thus, any mistakes committed at the initial sentencing are imposed anew if they are not corrected. ... [Odman's] arguments in this regard are premised on [a] misunderstanding of the scope of §3582(c)(2) proceedings[.] ... §3582(c)(1) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission. The relevant policy statement instructed that a court proceeding under §3582(c)(2) "shall substitute" the amended Guidelines range for the initial range "and shall leave all other

> guideline application decisions unaffected." Because the aspects of his sentence that [Odman] seeks to correct were not affected by the Commission's amendment to §2D1.1, they are outside the scope of the proceeding authorized by §3582(c)(2), and the District Court properly [may] decline to address them.

Dillon v. United States, __ U.S. __, 130 S.Ct. 2683, 2694, 177 L.Ed.2d 271 (2010). Indeed, in the Order granting the sentence reduction pursuant to §3582, this Court ordered that "[e]xcept as provided above, all provisions of the judgment dated July 26, 2001 shall remain in effect." [Doc. 686].

The truncated sentencing proceeding authorized by §3582(c)(2) "is not the forum for a collateral attack on a sentence long since imposed and affirmed on direct appeal."[1] United States v. Hernandez, 645 F.3d 709, 712 (5th Cir. 2011). To allow the Defendant to raise his claim that he was convicted of a section of a statute with which he was never charged would be nothing less than such a collateral attack. Id. "[N]or is [a §3582 motion] a challenge to the appropriateness of the original sentence." United States v. Whitehead, __ F. App'x. __, 2012 WL 2161258 **1 (5th Cir. 2012) (quoting United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995)).

This Court is also without authority to modify that portion of the Defendant's original sentence which failed to order that his sentence run concurrent to his undischarged sentence in another court. United States v.

---

[1] *See also* Response, Doc. 700.

3

Satterfield, 443 F. App'x. 817 (4th Cir. 2011); United States v. Dunn, 631 F.3d 1291, 1293 (D.C.Cir.), cert. denied __ U.S. __, 132 S.Ct. 146, 181 L.Ed.2d 63 (2011) ("the Commission modified the sentencing range for Dunn's drug crime which had nothing to do with the concurrent or consecutive status of his sentence."). This alleged error is outside the scope of a sentence modification proceeding pursuant to §3582. Satterfield, 443 F. App'x. at 818; United States v. Moore, 473 F. App'x. 397 (5th Cir.2012); United States v. Waters, 648 F.3d 1114 (9th Cir.), cert. denied __ U.S. __, 132 S.Ct. 859, 181 L.Ed.2d 559 (2011); United States v. Petersen, 408 F. App'x. 642, 643-4 (3rd Cir. 2010).

Because the Defendant is not eligible for the relief he seeks, his motion for the appointment of counsel is moot.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Correction of Illegal Sentence and Appointment of Counsel [Doc. 691] is hereby **DENIED**.

Signed: September 13, 2012

Martin Reidinger
United States District Judge