THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00128-MR
(CRIMINAL CASE NO. 4:96-cr-053-MR-1)

| | |
|---|---|
| OWEN ODDMAN, )<br>a/k/a Owen Odman, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 [Doc. 1] and Petitioner's Motion for Status [Doc. 3]. For the reasons that follow, the Court finds that this is an unauthorized, successive petition and therefore dismisses the Motion to Vacate.

## FACTUAL BACKGROUND

On January 23, 2001, Petitioner was convicted after a jury trial in this Court of conspiracy to distribute cocaine and cocaine base. [Crim. Case No. 4:96-cr-53, Doc. 429: Jury Verdict]. Petitioner was sentenced to 360 months of imprisonment, with a subsequent reduction in sentence to 292 months under the crack cocaine amendments. [Id., Doc. 469: Judgment;

Doc. 686: Order Granting Motion for Reduction in Sentence]. On September 25, 2002, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Odman, 47 F. App'x 221 (4th Cir. 2002).

On March 11, 2004, Petitioner filed a Section 2255 motion to vacate, which this Court denied and dismissed on December 12, 2005. [Crim. Case No. 4:96-cr-53, Docs. 24, 530]. On July 27, 2006, the Fourth Circuit dismissed Petitioner's appeal of the Court's Order denying the motion to vacate. United States v. Odman, 191 F. App'x 247 (4th Cir. 2006). On April 22, 2013, Petitioner filed the present Section 2255 motion to vacate, bringing the following claims: (1) that Petitioner's sentence exceeds the statutory maximum; (2) that Petitioner's sentence was imposed in violation of the Ex Post Facto Clause; (3) that Petitioner's sentence was imposed under an unconstitutional sentencing scheme; (4) that Petitioner's conviction and sentence were obtained in violation of Petitioner's right to consular assistance; (5) that Petitioner was subject to a Speedy Trial Act violation; and (6) that Petitioner's conviction was obtained in violation of his due process rights because the Government failed to disclose impeachment evidence concerning secret deals it entered into with its witnesses, and the Government failed to correct perjured testimony.

**STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

Petitioner filed the instant Motion to Vacate on April 22, 2013, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 4:96-cr-00053. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on March 11, 2004. Thus, this is the second Section 2255 petition filed by Petitioner challenging Petitioner's conviction in Criminal Case No. 4:96-cr-00053.[1]

---

[1] Petitioner contends that his petition is not successive under Magwood v. Patterson, 130 S.Ct. 2788 (2010). In Magwood, the Supreme Court addressed whether the AEDPA's restriction on "second or successive" habeas petitions applied to a petitioner who had already filed a 28 U.S.C. § 2254 petition attacking his original judgment, but who then filed a second Section 2254 petition attacking a second, intervening judgment. The Court held where there is a new judgment intervening between the two habeas petitions, a petition challenging the resulting new judgment is not second or successive. Id. at 2802. In contending that the instant petition is not successive, Petitioner cites to

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

---

this Court's reduction in his sentence on August 13, 2012, pursuant to 18 U.S.C. § 3582 based on the crack cocaine amendments, as an intervening judgment between his first petition and the instant one. [See Doc. 686: Order Granting Motions to Reduce Sentence re Crack Cocaine Offense]. The reduction in Petitioner's sentence does not, however, constitute a new "judgment." Thus, Magwood does not apply.

**CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

Finally, the Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Status [Doc. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**  Signed: August 22, 2013

Martin Reidinger
United States District Judge