## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIIMINAL CASE No. 4:96-cr-00053-MR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| OWEN ODMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the Defendant's "Motion to Correct Error in the Record" [Doc. 741].

On January 23, 2001, the Defendant was found guilty by a jury of conspiracy to distribute cocaine and cocaine base. [Doc. 429]. The Defendant was sentenced to 360 months' imprisonment. [Doc. 469]. On September 25, 2002, the Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence. United States v. Odman, 47 F. App'x 221 (4th Cir. 2002). After receiving two subsequent reductions in sentence [see Docs. 686, 739], the Defendant is currently serving a term of 235 months' imprisonment.

On March 11, 2004, the Defendant filed his first motion to vacate pursuant to 28 U.S.C. § 2255, which this Court denied and dismissed on

December 12, 2005.  [Doc. 530].  On July 27, 2006, the Fourth Circuit dismissed the Defendant's appeal of the Court's Order denying the motion to vacate. United States v. Odman, 191 F. App'x 247 (4th Cir. 2006).  The Defendant filed two subsequent motions to vacate [Docs. 713, 724], both of which were dismissed as successive petitions.  [Docs. 719, 727].

The Defendant now files the present motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, seeking to correct certain "clerical errors" in the record.  First the Defendant contends that the Presentence Report (PSR) erroneously identifies the date that his offense commenced.  Second, the Defendant contends that the Judgment erroneously requires him to reimburse the United States for his court-appointed counsel fees. [Doc. 741].

The Defendant's motion is without merit.  Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36. While the Defendant argues that he is objecting to a "clerical error" in his PSR, he is in fact asserting a substantive challenge to the information contained therein.  "Rule 36 motions apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a

presentence report . . . ." United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (per curiam).  Instead, such challenges must be made in the form of objections to the presentence report, which objections must be filed within fourteen days of receiving the document.  See Fed. R. Crim. P. 32(f)(1). Because the time for making such objections has long since passed, the Court lacks jurisdiction to entertain the Defendant's objection to his PSR. See United States v. Davis, No. PJM 00-0424, 2012 WL 8466126, at *1 (D. Md. Nov. 2, 2012).

Further, in challenging the assessment of attorneys' fees, the Defendant is attacking the same criminal judgment that he challenged in his prior § 2255 motions.  See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (noting that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence").  The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive
> to cases on collateral review by the Supreme Court,
> that was previously unavailable.

28 U.S.C. § 2255(h). As noted, the Defendant previously has filed at least three motions to vacate pursuant to 28 U.S.C. § 2255, all of which were denied and dismissed. The Defendant has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive § 2255 motion on this issue. This Court is therefore without jurisdiction to consider a successive petition under § 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

For the foregoing reasons, the Defendant's Rule 36 motion is denied. Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the

correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Correct Error in the Record" [Doc. 741] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** Signed: April 5, 2016

Martin Reidinger
United States District Judge