# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 4:96-cr-00053-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| OWEN ODMAN, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon the Defendant's "Motion for Resentencing Pursuant to the Fair Sentencing Act of 2010 as Made Retroactive by the First Step Act of 2018, and for Appointment of Counsel" [Doc. 768] and the Defendant's "Pro Se Omnibus Motion for Judicial Notice and Motion for Status" [Doc. 776].

## I.  BACKGROUND

On January 23, 2001, the Defendant was found guilty by a jury of conspiracy to distribute cocaine and cocaine base. [Doc. 429]. The jury found that the Defendant's conduct involved at least five kilograms of cocaine and at least 1.5 kilograms of cocaine base. [Id.]. The Defendant was sentenced to 360 months' imprisonment. [Doc. 469]. On September 25,

2002, the Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence. United States v. Odman, 47 F. App'x 221 (4th Cir. 2002). After receiving two subsequent reductions in sentence under 18 U.S.C. § 3582(c)(2) [see Docs. 686, 739], the Defendant is currently serving a term of 235 months' imprisonment.

The Defendant now moves for a reduced sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). [Doc. 768].

## II. DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a

violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." 132 Stat. at 5222. Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Id.

The Defendant is not eligible for relief under the First Step Act because the statutory penalties to which he was subjected were not modified by Section 2 of the Fair Sentencing Act. Because the Defendant's statutory penalties were unaffected, there is no change to the Guideline calculations in this case. For these reasons, the Defendant's motion for a sentence reduction under the First Step Act is denied.

The Defendant's request for the appointment of counsel is also denied. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first

appeal of right)). While the Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation, see 18 U.S.C. § 3006A(a)(2)(B), the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel here. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Resentencing Pursuant to the Fair Sentencing Act of 2010 as Made Retroactive by the First Step Act of 2018, and for Appointment of Counsel" [Doc. 768] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's "Pro Se Omnibus Motion for Judicial Notice and Motion for Status" [Doc. 776] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: December 18, 2019

Martin Reidinger
United States District Judge