THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 4:96-cr-00053-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> OWEN ODMAN, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Produce Supplemental Pre Sentence Report" [Doc. 799] and the Defendant's "Motion to File Out of Time Appeal or in the Alternative Construe Defendant's Motion to Appoint Counsel as Notice of Appeal" [Doc. 800].

On December 18, 2019, the Court entered an Order denying the Defendant's Motion for Reduction of Sentence under the First Step Act of 2018. [Doc. 785]. The Defendant filed a Motion for Reconsideration of that Order [Doc. 786], which the Court denied in an Order entered on February 25, 2020 [Doc. 794].

On February 28, 2020,[1] the Defendant filed a "Motion for Appointment of Counsel to Perfect Appeal," seeking the appointment of counsel to represent him in pursuing an appeal of the Orders denying his Motion for Reduction of Sentence and Motion for Reconsideration. [Doc. 795]. The Court denied the Defendant's request for counsel on March 5, 2020. [Doc. 796].

On April 14, 2020, the Defendant filed the present motions now pending before the Court. In the first motion, the Defendant requests a copy of his Supplemental Presentence Report. [Doc. 799]. In the second motion, the Defendant seeks leave to file his appeal out of time. [Doc. 800]. In this motion, the Defendant contends that on February 28, 2020, he submitted to prison authorities a Notice of Appeal, along with the aforementioned Motion for Appointment of Counsel, but that he learned on March 16, 2020 that the Notice of Appeal was never docketed.[2]

The Defendant further contends that on or about March 17, 2020, he again mailed a copy of the Notice of Appeal ("Second Notice of Appeal")

---

[1] Pursuant to the "prison mailbox rule," a pleading is deemed filed by a prisoner when he relinquishes control of the pleading to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988).

[2] The Court has confirmed that there is no indication on the docket that the Clerk's Office ever received the Defendant's February 28, 2020 Notice of Appeal.

2

dated February 28, 2020, along with a letter explaining the circumstances that had transpired. This Second Notice of Appeal, however, was returned to the Defendant on April 17, 2020, due to the Defendant's listing of an insufficient address for the Court. [See Docs. 800 at 4, 800-1 at 1].

Due to these events, the Defendant moves the Court for leave to file a Notice of Appeal out of time. Alternatively, he asks the Court to construe his February 28, 2020 Motion for Appointment of Counsel as a notice of appeal. [Doc. 800].

A defendant seeking to appeal an order in a criminal case must file a notice of appeal within fourteen (14) days of the order being entered. Fed. R. App. P. 4(b)(1)(A)(i). Upon a finding of good cause or excusable neglect, the Court may, before or after the time to appeal has expired, extend the time to appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by [Fed. R. App. P.] 4(b)." Fed. R. App. P. 4(b)(4).

Here, the Defendant's request to extend the time for filing an appeal was filed outside of the 30-day window within which the Court can extend such deadlines under Rule 4(b)(4).[3] Accordingly, the Defendant's request for an extension of the time to file an appeal is denied.

---

[3] The Order denying the Defendant relief under the First Step Act was entered on December 18, 2019. Thus, under Rule 4(b), the Defendant had fourteen days, through

3

Alternatively, the Defendant asks that the Court construe his motion for the appointment of counsel, which was filed on February 28, 2020, as a notice of appeal.

Rule 3 of the Federal Rules of Appellate Procedure sets forth the requirements for the contents of a notice of appeal. Specifically, a notice of appeal must (1) specify the party taking the appeal; (2) designate the judgment or order being appealed; and (3) identify the court to which the appeal is taken. Fed. R. App. P. 3(c). The provisions of Rule 3 "should be liberally construed," particularly when a *pro se* litigant is involved. United States v. Little, 392 F.3d 671, 681 (4th Cir. 2004) (citation and internal quotation marks omitted), modified on other grounds by United States v. Urutyan, 564 F.3d 679 (4th Cir. 2009). Thus, when a litigant files a notice of appeal "that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." Id. (citation and internal quotation marks omitted).

---

January 2, 2020, to file a notice of appeal of that Order. The Order denying the Defendant's Motion to Reconsider was entered on February 25, 2020. The Defendant then had fourteen days, through March 10, 2020, to file an appeal of that Order. By operation of Rule 4(b)(4), the Court only had authority to extend either of these deadlines for a period of thirty (30) days. The Defendant mailed his motion for leave to file his appeal out of time on April 14, 2020, well outside of both of these 30-day windows.

Construing the Defendant's Motion for Appointment of Counsel liberally, the Court concludes that the motion is the "functional equivalent" of a notice of appeal. The Defendant identifies himself as the appealing party; he identifies the orders that are being appealed; and he names the Fourth Circuit Court of Appeals as the court to which the appeal is being taken. Accordingly, the Court will construe the Defendant's "Motion for Appointment of Counsel to Perfect Appeal" as a Notice of Appeal.

The Court notes that the Motion for Appointment of Counsel was filed within the 14-day period for filing an appeal of the Order denying the Motion for Reconsideration and thus can be construed as a timely notice of appeal of that Order. However, the Motion for Appointment of Counsel was filed outside of the 30-day window for allowing an extension of the deadline to appeal the original Order denying the Defendant relief under the First Step Act. Accordingly, the Court cannot construe the Motion for Appointment of Counsel as a notice of appeal of the Order denying First Step relief.

While the Court will construe the Motion for Appointment of Counsel as a timely filed Notice of Appeal of the Order denying the Defendant's Motion for Reconsideration, the Court will respectfully refer the appointment of appellate counsel to the Court of Appeals.

Finally, the Court addresses the Defendant's request for a copy of the Supplemental Presentence Report [Doc. 799]. A Presentence Report is a sealed court document. It can contain sensitive information, the disclosure of which could jeopardize a prisoner's safety. For that reason, the Court will allow the Defendant to view his Supplemental Presentence Report; however, the Defendant will not be permitted to retain a copy of it.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to File Out of Time Appeal or in the Alternative Construe Defendant's Motion to Appoint Counsel as Notice of Appeal [Doc. 800] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** to the extent that the Court will construe the Defendant's Motion for Appointment of Counsel [Doc. 795] as a timely Notice of Appeal of the Order denying the Defendant's Motion for Reconsideration. In all other respects, the Defendant's Motion is **DENIED**. The Clerk of Court is respectfully directed to docket the Defendant's Motion for Appointment of Counsel [Doc. 795] as a Notice of Appeal. The matter of the appointment of appellate counsel is respectfully referred to the United States Court of Appeals for the Fourth Circuit.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Produce Supplemental Pre Sentence Report [Doc. 799] is **GRANTED**, and the Clerk of Court is hereby authorized to provide a copy of the Supplemental

Presentence Report [Doc. 779] to the Warden of D. Ray James Correctional Institution. The Defendant shall be permitted to review the Supplemental Presentence Report in the presence of his Case Manager or another appropriate prison official as designated by the Warden, but the Defendant may not retain a copy of it.

**IT IS SO ORDERED.**

Signed: April 27, 2020

Martin Reidinger
United States District Judge