# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 4:96-cr-00053-MR-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **OWEN ODMAN,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Emergency Motion for Reduction in Sentence Due to Extraordinary and Compelling Circumstances, 18 U.S.C. § 3582(c)(1)(A)" [Doc. 817]. The Government opposes the Defendant's motion. [Doc. 821].

**I.    BACKGROUND**

In January 2001, the Defendant Owen Odman was convicted by a jury of one count of conspiracy to distribute at least five kilograms of cocaine and at least 1.5 kilograms of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 469]. The Court sentenced the Defendant to 360 months' imprisonment. [Id.]. The Defendant's conviction and sentence were affirmed on appeal. United States v. Odman, 47 F. App'x 221 (4th Cir. 2002). The Defendant subsequently received two sentence reductions, so that he is now

serving a sentence of 235 months. [Docs. 686, 739]. His projected release date is July 11, 2024. He is currently incarcerated as a BOP inmate at the D. Ray James Correctional Facility in Folkston, Georgia.[1]

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 817]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served or a release to home confinement. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[1] See https://www.bop.gov/inmateloc/ (last visited September 3, 2020). D. Ray James Correctional Facility is described by the BOP as a "contracted correctional institution," which is operated by a private contractor. See https://www.bop.gov/locations/ci/drj/ (last visited Sep. 3, 2020).

warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

To support his motion, the Defendant attaches a document entitled "Inmate Request to Staff" in which he purportedly made a request within BOP for compassionate release due to the COVID-19 pandemic.  [Doc. 817-2]. Although that request bears a handwritten date of April 28, 2020, there is no file stamp or other indication of receipt of that document by the correctional facility at which the Defendant is housed.  Additionally, the Government represents that the BOP has provided a 23-page printout entitled "Administrative Remedy Generalized Retrieval," prepared on July 28, 2020, which appears to list the various requests for administrative remedies made by the Defendant during his incarceration, and that this printout does not list any compassionate release request filed in April 2020 or thereafter, as would be expected if the Defendant had actually filed his instant request with the facility.  Based on this information, it is unclear whether the Defendant has, in fact, submitted his COVID-19 compassionate release request to the correctional facility, thereby triggering the 30-day clock, after which he could file his motion with this Court.

Even assuming *arguendo* that the Defendant in fact has submitted his compassionate release request to his BOP facility and has not received any response within the 30 days as required, it appears that the Court lacks jurisdiction to entertain the Defendant's request. The Defendant currently has two appeals pending before the Fourth Circuit Court of Appeals concerning a request for a reduction of his sentence under the First Step Act. [See Docs. 801, 808]. These cases have been consolidated on appeal and remain pending. [See Doc. 811]. Because the Defendant's appeal remains pending before the Court of Appeals, this Court's jurisdiction to decide the present compassionate release motion is confined to denying it, indicating that it presents a substantial issue, or indicating that it would be granted if the case were to be remanded for that purpose. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (stating that "[t]he filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); Fed. R. Crim. P. 37(a) (where a district court lacks authority to grant a motion because an appeal is pending, the court may "defer considering the motion," "deny the motion," or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a

substantial issue"). Thus, the Court lacks the authority to grant the Defendant's motion. See United States v. Pawlowski, 967 F.3d 327, 329 n.4 (3d Cir. 2020).

Although apparently lacking the jurisdiction to grant the Defendant's motion, the Court nevertheless retains the authority to deny such motion. The Government argues that, in the interest of judicial economy, the Court should proceed to consider the motion on its merits and deny it. [Doc. 821 at 5].

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with

5

U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or

---

applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

6

> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Here, the Defendant asserts that his age (55 years old) and his underlying health conditions—including high blood pressure, diabetes, heart arrhythmia, obesity, and glaucoma—place him at a higher risk for severe illness resulting from COVID-19. The Government does not dispute that the Defendant's medical conditions are serious but points out that the Defendant's records indicate that these conditions are being managed and are well-controlled. [See Doc. 822]. Further, the Government argues that compassionate release remains unwarranted on consideration of the relevant § 3553(a) factors. [Doc. 34].

Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

7

Here, the Defendant has failed to provide the Court with an adequate basis upon which to amend its prior findings under 18 U.S.C. § 3553(a). The Defendant's crime was serious; it involved large quantities of cocaine and cocaine base. He originally received a sentence of 360 months, which has already been reduced twice, to the current term of 235 months. The Court finds that the Defendant's current sentence reflects the nature and circumstances of the offense and the need for the sentence to afford adequate deterrence to criminal conduct. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B).

The Defendant argues that the § 3553(a)(2)(C) analysis should be different now, because he has served his time without any disciplinary infractions over the last ten years. [See Doc. 817-2 at 3]. While the Defendant's conduct while incarcerated may be commendable, this fact standing alone does not justify a reconsideration of the § 3553(a) factors. Moreover, there is already a mechanism in place—good time credit—to account for a defendant's good behavior while incarcerated.[3]

---

[3] The Defendant also cites the case law that developed after his original sentencing concerning the non-mandatory nature of the sentencing guidelines and the crack-to-powder cocaine sentencing disparity. [Id. at 3-4]. These factors, however, were already taken into account in his two previous sentence reductions.

8

In summary, the reasons stated by the Defendant in his motion are insufficient to alter the Court's previous § 3553(a) analysis. Thus, even if Defendant's medical conditions presented an extraordinary circumstance, the Court in its discretion must deny the Defendant's request for compassionate release.

For all these reasons, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Emergency Motion for Reduction in Sentence Due to Extraordinary and Compelling Circumstances, 18 U.S.C. § 3582(c)(1)(A)" [Doc. 817] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 4, 2020

Martin Reidinger
Chief United States District Judge