IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 4:96-cr-00053-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| OWEN ODMAN, a/k/a Charles ) | |
| Llewlyn, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit for further consideration of the Defendant's "Motion for Resentencing Pursuant to the Fair Sentencing Act of 2010 as Made Retroactive by the First Step Act of 2018, and for Appointment of Counsel" [Doc. 768]. Also pending before the Court is the Defendant's "Motion for Appointment of Counsel" [Doc. 838].

**I.   BACKGROUND**

On January 23, 2001, the Defendant was found guilty by a jury of conspiracy to distribute cocaine and cocaine base. [Doc. 429]. The jury found that the Defendant's conduct involved at least five kilograms of cocaine and at least 1.5 kilograms of cocaine base. [Id.].

The probation office prepared a Presentence Report in advance of sentencing. [Doc. 725]. The probation officer calculated a base offense level of 38 based on the quantity of drugs for which the jury found the Defendant to be responsible. [Id. at ¶ 12]. The probation officer applied a four-level increase due to the Defendant's role in the offense, resulting in a total offense level of 42. [Id. at ¶¶ 15, 21]. That total offense level, combined with a criminal history category of III, resulted in an advisory Guidelines range of 360 months to life. [Id. at ¶¶ 27, 32].

The Defendant was sentenced to 360 months' imprisonment. [Doc. 469]. On September 25, 2002, the Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence. United States v. Odman, 47 F. App'x 221 (4th Cir. 2002). After receiving two subsequent reductions in sentence under 18 U.S.C. § 3582(c)(2) [see Docs. 686 (Amendment 750), 739 (Amendment 782)], the Defendant is currently serving a term of 235 months' imprisonment.[1]

In January 2019, the Defendant filed a *pro se* motion for relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). [Doc.

---

[1] BOP records indicate that the Defendant is also serving a 110-month sentence for a conviction in the United States District Court for the Southern District of Florida. BOP has determined his aggregate sentence to be 345 months' imprisonment. [See Doc. 779 at 2].

2

768]. The Court denied the Defendant's motion, concluding that the Defendant was not eligible for relief because the statutory penalties for the quantities of controlled substances for which the Defendant was convicted were not modified by the Fair Sentencing Act of 2010. [Doc. 785 at 3]. The Defendant moved for reconsideration [Doc. 786], which the Court denied [Doc. 794].

The Defendant appealed. On October 19, 2020, the Court of Appeals vacated the Court's Order and remanded the case for further consideration of the Defendant's motion in light of two intervening published appellate opinions: United States v. Wirsing, 943 F.3d 175, 186 (4th Cir. 2019) (holding that a defendant is eligible for First Step relief if the statutory penalties for the offense were modified by Section 2 of the Fair Sentencing Act), and United States v. Gravatt, 953 F.3d 258, 263-64 (4th Cir. 2020) (holding that a defendant is convicted of a "covered offense" under the First Step Act "where he was charged conjunctively with conspiring to distribute both powder cocaine and crack cocaine").

## II. DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it

raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-391. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. See Gravatt, 953 F.3d at 263-64. His offense was committed before August 3,

4

2010; he was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Further, the Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Having determined that the Defendant is eligible for relief under the First Step Act, the Court must next determine whether in its discretion any such relief should be afforded and, if so, to what extent. See Wirsing, 943 F.3d at 180; First Step Act § 404(b), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

The Court begins its analysis with the calculation of the appropriate Guidelines range. Here, even if the Fair Sentencing Act had been in effect at the time the Defendant committed his offense, the Sentencing Guidelines still would have advised a sentence between 235 to 293 months' imprisonment due to the drug amount attributed to the Defendant. The Defendant's current sentence of 235 months is at the bottom of this Guidelines range.

5

Case 4:96-cr-00053-MR   Document 842   Filed 11/23/20   Page 5 of 9

Based on the Fourth Circuit's remand, the Court in exercising this discretion is also called upon to consider any mitigating evidence presented by the Defendant, including any post-sentencing rehabilitation. See United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), reh'g denied (July 8, 2020).

On this point, the Defendant argues that he has "taken a number of college vocational courses, earning certificates in Heating and Air Conditioning, Electrical, Microsoft Office, and a certificate per the U.S. Clean Air Act, Section 608." [Doc. 768 at 9]. Additionally, the Defendant contends that he has completed the 8,000-hour apprenticeship program offered by the United States Department of Labor in Quality Control. He further contends that he has "adjusted positively by maintaining exemplary conduct during his incarceration." [Id]. Finally, the Defendant argues that he is now 54 years old, that he has been incarcerated by two decades for a non-violent offense, and that upon completion of his custodial sentence he will be deported to his home country. He therefore argues that a reduction in his sentence would not affect the safety of the community. [Id. at 9-10].

A supplemental Presentence Report filed with the Court in September 2020 indicates that the Defendant has completed a number of educational programs and work assignments while incarcerated, including earning his

6

GED. [Doc. 779 at 3]. The supplemental Presentence Report also notes that while in custody the Defendant has received three disciplinary infractions: one for using phone or mail without authorization and two for possessing an unauthorized item. [Id.].

While the Defendant's conduct while incarcerated is generally positive, the breadth of the Defendant's offense conduct and his criminal history cannot be ignored. A jury found the Defendant to be responsible for more than five kilograms of powder cocaine and at least 1.5 kilograms of cocaine base. Additionally, the Defendant has a significant criminal history, having been previously convicted of possessing crack cocaine with intent to distribute and of conspiracy to possess with intent to distribute cocaine. Given the enormous quantities of powder cocaine and cocaine base involved in his offense, and his significant criminal history, the Court concludes that any further reduction of the Defendant's sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment. Accordingly, in the exercise of its discretion, the Court will deny the Defendant's request for relief under the First Step Act.

The Defendant moves for the appointment of counsel to represent him in pursuing relief under the First Step Act. The Defendant has no constitutional right to the appointment of counsel to file post-conviction

motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Accordingly, the Defendant's motion for the appointment of counsel is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Resentencing Pursuant to the Fair Sentencing Act of 2010 as Made Retroactive by the First Step Act of 2018, and for Appointment of Counsel" [Doc. 768] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's "Motion for Appointment of Counsel" [Doc. 838] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 23, 2020

Martin Reidinger
Chief United States District Judge

9

Case 4:96-cr-00053-MR   Document 842   Filed 11/23/20   Page 9 of 9