# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 4:96-cr-00053-MR-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **O R D E R** |
|  | ) |  |
| OWEN ODMAN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on the Defendant's "Pro Se Motion for Correction of Error in the Presentence Report Pursuant to FRCP 36 and Resentencing Pursuant to United States v. Vanderhorst, 927 F.3d 824 (4th Cir. 2019) an Intervening Decision; and Appointment of Counsel" [Doc. 886].

On January 23, 2001, a jury found the Defendant Owen Odman guilty of conspiracy to distribute quantities of cocaine and cocaine base. [Doc. 429]. The Court sentenced the Defendant to 360 months' imprisonment. [Doc. 469]. After receiving two subsequent reductions in sentence, the Defendant is currently serving a term of 235 months' imprisonment. [See Docs. 686, 739].

The Defendant now seeks another resentencing because he claims that the original PSR contained "clerical errors." [Doc. 886]. Rule 36 of the

Federal Rules of Criminal Procedure permits the Court to correct clerical errors in the judgment or other parts of the record "arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 also may be used "to obtain resentencing when a clerical error likely resulted in the imposition of a longer sentence than would have been imposed absent the error," including errors in a PSR. United States v. Vanderhorst, 927 F.3d 824, 827 (4th Cir. 2019).

The Defendant alleges that his PSR contains the following errors that warrant correction: (1) it used the 2000 edition of the Guidelines Manual rather than the 1995 edition; (2) it identified his offense of conviction to be under 21 U.S.C. § 841(b)(1)(A) rather than (b)(1)(C); and (3) the officer recommendation page stated that the offense dated back to 1996 instead of 1994. [Doc. 886-1 at 1]. The errors that the Defendant identifies, however, either did not affect his sentence or were not errors at all.

First, the probation officer did not err by using the 2000 edition of the Guidelines Manual. Section 1B1.11 directs courts to use the edition of the manual in effect when a defendant is sentenced unless the court determines that to do so would violate the ex post facto clause of the United States Constitution. U.S.S.G. § 1B1.11(b)(1). Both the 1995 and the 2000 editions of the Manual assign a base offense level of 38 for conduct involving 1.5

kilograms or more of cocaine base and/or 5 kilograms or more of cocaine, so the Defendant would have received the same guideline range under either edition. The probation officer therefore correctly used the 2000 edition (the edition in effect when the Defendant was sentenced in 2001) because the ex post facto clause did not require the use of an earlier edition.[1]

Second, the Defendant argues that the PSR miscited the punishment provision of the drug law. This argument, however, also fails. The offense of conviction was conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base, a violation of 21 U.S.C. § 846. [Doc. 469]. The jury found him responsible for at least 1.5 kilograms of cocaine base and at least 5 kilograms of cocaine. [See Docs. 429, 725]. The Defendant was subjected to a range of imprisonment of not less than 10 years and not more than life. While subsequent changes in the law eliminated the "crack-cocaine disparity," even under current law 5 kilograms or more of cocaine calls for the same punishment. The Defendant's

---

[1] The Defendant also argues that the Sentencing Commission's adoption of Amendment 535 somehow affected his sentence. This argument is likewise meritless. Amendment 535 took effect on November 1, 1995, and therefore was in place before the Defendant's offense conduct concluded in June 1996. The then-new Amendment therefore would have applied whether the probation officer selected the 1995 or the 2000 edition of the Guidelines Manual.

3

sentencing range is correctly stated in the PSR even if the crack cocaine part of the conviction were excluded.[2]

Third, the Defendant argues that the probation officer's sentencing recommendation form incorrectly stated that the offense conduct dated back to 1996 instead of 1994. This alleged error, however, had no impact on his sentence and therefore requires no correction under Rule 36.

The Defendant also seeks the appointment of counsel in connection with his motion. Because the Court has determined that the Defendant's motion has no merit, the request for appointment of counsel is denied. In any event, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See <u>United States v. Riley</u>, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Pro Se Motion for Correction of Error in the Presentence Report . . . and Appointment of Counsel" [Doc. 884] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 14, 2022

Martin Reidinger
Chief United States District Judge

---

[2]Furthermore, the Defendant already has received sentencing reductions due in part to the elimination of the "crack-cocaine disparity" from the law.