THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 4:96-cr-00053-MR-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **OWEN ODMAN,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Nunc Pro Tunc Motion for Judicial Removal Pursuant to 8 U.S.C. § 1228(c)(1) or in Alternative to Transfer Defendant to Immigration Custody, 18 U.S.C. § 3621(b)" [Doc. 901].

On January 23, 2001, a jury found the Defendant Owen Odman guilty of conspiracy to distribute quantities of cocaine and cocaine base. [Doc. 429]. The Court sentenced the Defendant to 360 months' imprisonment. [Doc. 469]. After receiving two subsequent reductions in sentence, the Defendant is currently serving a term of 235 months' imprisonment. [See

Docs. 686, 739]. He is currently housed at FCI Fort Dix with a projected release date of July 12, 2023.[1]

The Defendant now moves for a Stipulated Order of Deportation pursuant to 8 U.S.C. § 1228(c)(1) so that he may be deported immediately upon his release from the Bureau of Prisons (BOP). [Doc. 901]. Alternatively, citing 8 U.S.C. § 3621(b), he asks the Court to make a recommendation to the BOP that the Defendant be placed in pre-release custody with immigration officials at least sixty (60) days prior to the expiration of his term of imprisonment. [Id.].

The Defendant's motion must be denied. Section 1228(c)(1) provides that a Court may enter a judicial order of removal "at the time of sentencing" and "if such an order has been requested by the United States Attorney…." 8 U.S.C. § 1228(c)(1). The United States Attorney did not request such an order here, and therefore, the Defendant's request for the entry of a stipulated deportation order is denied.

As for the Defendant's request for a recommendation, the BOP, not the Court, has the authority to designate the location of an inmate's place of

---

[1] See https://www.bop.gov/inmateloc/ (last visited Apr. 15, 2023). The Defendant's name in the BOP registry is listed as "Charles LLewlyn."

2

Case 4:96-cr-00053-MR   Document 904   Filed 04/19/23   Page 2 of 3

imprisonment, including his release to immigration officials. See 18 U.S.C. § 3621(b). Accordingly, the Defendant's request for a recommendation from this Court regarding his transfer to immigration custody must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Nunc Pro Tunc Motion for Judicial Removal Pursuant to 8 U.S.C. § 1228(c)(1) or in Alternative to Transfer Defendant to Immigration Custody, 18 U.S.C. § 3621(b)" [Doc. 901] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 19, 2023

Martin Reidinger
Chief United States District Judge